George P. Fisher
George P. Fisher, Attorney at Law
3636 S.W. Dosch Road
Portland, Oregon 97239
Telephone: (503) 224-7730
Fax: (503) 227-2429
george.fisher@gpf-law.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT OF COURT

FOR THE DISTRICT OF OREGON
Portland Division

| | |
|---|---|
| **SYLVIA M. PHARR,** | Case No. 3:14-CV-01404 |
| Plaintiff, | **AMENDED COMPLAINT** |
| vs. | **Discrimination (Race, Harassment, Wrongful Discharge**) |
| **BURGERVILLE, Llc dba, BURGERVILLE,** | **JURY TRIAL REQUESTED** |
| Defendant. | |

**I.**

**JURISDICTION AND VENUE**

1.      Pharr brings this action for race discrimination and retaliation pursuant to 42 U.S.C. §1981 and 42 U.S.C. § 2000e, *et seq*, and under Oregon state law.  This Court has jurisdiction over the federal claim pursuant to 42 U.S.C. 1331, and over the state claims pursuant to its supplemental jurisdiction.

All of the acts and omissions complained of herein were committed in the State of Oregon.

## II.

## PARTIES

3. Pharr is a black female and resident of the State of Oregon.

4. Defendant (Burgerville) is a Washington corporation. At all material times it acted through its officers, agents and employees, acting within the scope of their agency and employment for defendant Burgerville.

## III.

## STATEMENT OF CLAIMS

(Claim No. 1 42 U.S.C. § 1981)

5. Pharr re-allege Paragraphs 1 through 4.

6. Plaintiff Pharr was employed by Burgerville from \_\_\_\_ to \_\_\_.

7. During Pharr's employment Burgerville subjected her to a course of racially discriminatory and/or retaliation treatment in one or more of the following particulars:

   a. by creating and/or maintaining a hostile work environment and/or by failing to take immediate and effective action designed to end racial harassment;

   b. by failing to train, control and/or supervise its employee to not engage in racially offensive behaviors;

      c.      by denying Pharr promotional or other employment opportunities, including multiple occasions in which she was passed over for promotion, and for demoting her for conduct for which other white employees were not demoted or otherwise disciplined;

      d.      by retaliating against Pharr in assignments; and/or:

      e.      by retaliating against Pharr for opposing racial discrimination.

8. Burgerville engaged in the treatment of Pharr as alleged in Paragraph 7 because of her race an/or because she complained about racial discrimination.

9. As a result of those acts Plaintiff has suffered emotional distress in a sum to be determined at trail, which is alleged to $1,000,000.

10. As a further result of those acts Pharr has suffered economic lose in a sum to be determined at trial, which sum is alleged to be $400,000.

11. Burgerville's acts were malicious and/or reckless and Burgerville should be assessed punitive damages in an amount to be determined by a jury, which sum is alleged to be $3,000,000.

12. Pharr is entitled to reasonable attorney's and expert witness fees pursuant to 42 U.S.C. § 1988.

///

///

Page 1 AMENDED COMPLAINT
3

## CLAIM 2

Title VII Race/Retaliation

13. Plaintiff re-alleges paragraphs1 through 11.

14. Plaintiff is entitled to reasonable attorney's and expert witness fees pursuant to 42 U.S.C. § 2000e, *et seq.*

## CLAIM 3

15. Plaintiff re-alleges paragraph 1 through 8, and 10.

16. Pharr is entitled to reasonable attorneys' fees and expert fees pursuant to ORS 659A.885 and ORS 20.107, respectively.

## IV.

Plaintiff demands a jury trial.

17.